Argued November 20; modified December 20, 1946

## PARKER *v.* PARKER
### (175 P. (2d) 167)

*A. C. Allen* and *W. J. Robert,* of Portland, for appellant.

*John Mowry,* of Portland (George Mowry, of Portland, on brief), for respondent.

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY and BRAND, Justices.

KELLY, J.

This is a divorce case. The parties were intermarried at Portland, Oregon, on April 27, 1941. On

June 5, 1942, their only child, a girl, was born. That child is known to this record as Joan Ida Parker.

Due regard for this innocent offspring impels us to refrain from permanently embalming a delineation here of the charges and counter-charges exchanged by the parties hereto in this record of connubial infelicity. Suffice it to say that the learned and experienced trial judge found in favor of the defendant upon the issue as to which one of the parties should be given a decree of divorce from the other.

From the trial court's vantage point of seeing and hearing the parties and their witnesses, unquestionably, greater light and safer guidance are shown than that which attends merely this lifeless and baffling typewritten account of the alleged sordid and abhorrent conduct that comprises the major part of the transcript of testimony before us. This being undeniably so, we will begin by assuming that the defendant is the party not at fault. In view of the fact that the plaintiff has not instituted a cross-appeal, we are persuaded, if not compelled, to act upon that assumption.

Two questions are presented. They are: First, should the custody of the daughter of plaintiff and defendant be given to the mother but nine months of the year and to the father for the remaining three months; or, should the mother have the continuing custody thereof with the full and free right and privilege to the father of visitation at all reasonable times. Second, should the financial advances made by the plaintiff, while a new prospective residence for the plaintiff and defendant was being constructed, be taken into account in fixing the amount to be paid by plaintiff in monthly installments to defendant as alimony and maintenance of herself and child.

■ Having the welfare of the child as the principal objective, we hold that she should not be subjected to the changing and divided supervision and custody ordered by the trial court. This necessitates a modification of the decree of the trial court in that respect, namely, by providing that the continuing custody of the child be awarded to defendant with the right of visitation by the plaintiff as above stated. This holding is not intended in any respect to impair or prevent future application to the trial court for a further modification of the decree in case subsequent changes occur in the circumstances attending and affecting the welfare of the daughter in such a way as to render such further modification advisable and necessary.

The trial court directed and ordered the plaintiff to pay toward the support and maintenance of the defendant the sum of forty dollars per month and during the time that defendant has the custody and control of the daughter plaintiff is required to pay to defendant for the care and support of said child the sum of thirty-five dollars per month. No objection is urged to the foregoing requirements of the trial court's decree.

■ Objection is made, however, by defendant to the following provision of said decree:

"It is further ordered that the plaintiff may deduct from the payments herein ordered the sum of Twenty-five Dollars per month until such time as such deductions at the rate of Twenty-five Dollars per month shall amount to Eight Hundred Dollars, which is the amount plaintiff invested in the home in which his wife and child are now living at 2451 Southeast 85th Avenue, Portland, Oregon."

The property designated in the trial court's decree as the home of defendant and her child was conveyed to plaintiff and defendant, while they were husband and wife, by the defendant's parents, Magnus Norby and Sophie Norby, his wife. At that time there was no dwelling house upon it.

Sometime about September, 1943, plaintiff and defendant decided to secure the assistance of defendant's father in constructing a dwelling house upon the property so conveyed to them. Mr. Norby required them to execute a conveyance to him of the property before he would agree to render them the assistance they sought.

The record before us indicates that in addition to doing carpenter work upon the house, the plaintiff advanced approximately $800.00 for material which was used in its construction. Mr. Magnus Norby performed labor and advanced the balance of the money required to complete the house.

Mr. Norby is not a party to the case. Whatever observation we may make as to the nature of the transaction can have no binding effect for that reason; but it is evident that the deed by which Mr. Norby now holds the record title to the property mentioned might be deemed to be a deed of trust to secure him for the value of his labor and the advances in money he has made in constructing the house thereon; it might be held that plaintiff also has a special interest in the property because of his advancement of $800.00 and, subject to those interests, the property might be held to be owned by plaintiff and defendant as cotenants. Until all the parties interested are before the court in an appropriate proceeding, no effective or binding

order can be made in respect to the matter. For this reason, we hold that it was error to include the provision last hereinbefore quoted in the decree of the trial court. One objection to such provision is that it materially modifies the respective rights and interests of the parties in the property mentioned.

It is therefore ordered that said decree be further modified by deleting therefrom said quoted provision.

The decree of the trial court is modified as herein stated and as so modified said decree is affirmed with costs to defendant on this appeal.